**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN J. BADOCK, JR.,** | ) | **CASE NO.  1:05CV02427** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge John M. Manos** |
| | ) | |
| **TIMOTHY E. MCMONAGLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | <u>**MEMORANDUM OF OPINION**</u> |

On October 14, 2005, John J. Badock, Jr., Plaintiff, filed the above-captioned § 1983 case against Defendants Timothy E. McMonagle, Patricia A. Blackmon, Frank D. Celebrezze, Jr., Alice Robie Resnick, Terrence O'Donnell, Evelyn L. Stratton, Maureen O'Connor, Judith Ann Lanzinger, Paul E. Pfeifer, and Thomas J. Moyer, alleging violations of his rights under the Due Process and Equal Protections Clauses of the Fourteenth Amendment.  (Docket No. 1.)

On November 4 and 10, 2005, the Defendants filed motions to dismiss.  (Docket Nos. 9 & 10.)  On December 6, 2005, Plaintiff filed a brief in opposition.  (Docket No. 11.)  On December 15 and 21, 2005, the Defendants filed replies.  (Docket Nos. 12 & 14.)

All issues have been fully briefed and are ripe for adjudication.  For the following reasons, the motions to dismiss (Docket Nos. 9 & 10) are **GRANTED**.

## I.   FACTUAL BACKGROUND

The facts in this case are not in material dispute.  On June 15, 2003, Plaintiff entered a plea of no contest to one charge of driving under the influence of alcohol and one charge of traveling the wrong way on a one-way street.  (Docket No. 1, at 3.)

On August 14, 2003, a Cuyahoga County Grand Jury indicted Plaintiff on three counts of aggravated vehicular assault, two counts of driving under the influence, and one count for not stopping after a vehicular accident.  Plaintiff entered a plea of guilty to the three aggravated vehicular assault counts and the remaining counts were dismissed.  (Docket No. 1, at 3.)

Plaintiff appealed both convictions.  On March 24, 2004, the Cuyahoga County Court of Appeals ("Ohio Court of Appeals") *sua sponte* consolidated both the felony and misdemeanor convictions.  (Docket No. 1, at 3.)  On December 9, 2004, the Ohio Court of Appeals reversed the felony convictions on the ground that they violated the prohibition against double jeopardy.  Ohio v. Badock, 2004 Ohio 6625 (8th App. Dist. 2004).  The remaining assignments of error were dismissed as moot under Ohio App. R. 12(A)(1)(c).  Id.

On April 27, 2005, the Ohio Supreme Court denied a writ for mandamus to compel the Court of Appeals to rule on the misdemeanor convictions.  State ex. rel. Badock v. McMonagle, 105 Ohio St. 3d 1513 (Ohio 2005).  On May 25, 2005, the Ohio Supreme Court denied discretionary review.  Cleveland v. Badock, 105 Ohio St. 3d 1562 (Ohio 2005).

On October 14, 2005, Plaintiff filed the above-captioned case alleging that the Ohio Court of Appeals and the Ohio Supreme Court violated his rights under the Due Process and Equal Protections Clauses of the Fourteenth Amendment by refusing to address the merits of his misdemeanor convictions.  (Docket No. 1, at 14.)

## II.    STANDARD OF REVIEW

The Defendants move to dismiss the complaint on the ground that it does not state a claim upon which relief can be granted and because the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1) & (6).  In deciding a motion to dismiss, the allegations are taken as true and viewed in the light most favorable to the non-movant.  A claim will not be dismissed "unless it appears beyond a reasonable doubt that the [non-movant] can prove no set of facts to support his claim which would entitle him to relief." Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994); see also Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990).

The claim need only give fair notice as to the claim and the grounds upon which it rests. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  Conclusory allegations however, are not sufficient to state a claim.  Rather, a claim must set forth specific facts, which, if proved, would warrant the relief sought.  Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation. Papasan v. Allain, 478 U.S. 265, 286 (1986); Montgomery v. Huntington Bank, 346 F.3d 693, 697 (6th Cir. 2003).  A court likewise need not accept unwarranted factual inferences. Montgomery, 346 F.3d at 697 (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)).

Although *pro se* complaints are held to less stringent standards than those filed by lawyers, they still must meet the basic pleading essentials.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

-3-

### III.   LEGAL ANALYSIS

The <u>Rooker-Feldman</u> doctrine divests federal district courts of subject matter jurisdiction in cases where a plaintiff requests review over state court judgments.  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 125 S. Ct. 1517, 1521 (2005); <u>Dist. of Columbia of App. v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).  It also works to divest federal district courts of subject matter jurisdiction over federal claims that are "inextricably intertwined" with state court judgments.  <u>Exxon</u>, 125 S. Ct. at 1523 n.1.  The doctrine is limited however, to state court judgments that are "judicial in nature" as opposed to administrative, ministerial, or legislative actions taken by state courts.  <u>Feldman</u>, 460 U.S. at 476.  As the United States Supreme Court recently explained:

> The <u>Rooker-Feldman</u> doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

<u>Exxon</u>, 125 S. Ct. at 1521.

Here, with regard to Defendants Resnick, O'Donnell, Stratton, O'Connor, Lanzinger, Pfeifer, and Moyer, Plaintiff is requesting review over an Ohio Supreme Court decision to deny a writ of mandamus and another decision to deny discretionary review over his case.  Such decisions are clearly judicial in nature.  <u>See</u> <u>e.g.</u> <u>Johnson v. Ohio Supreme Court</u>, 2005 U.S. App. LEXIS 25306, *14-15 (6th Cir. Nov. 18, 2005).  Because Plaintiff is requesting that those judgments be reviewed and rejected, the <u>Rooker-Feldman</u> doctrine divests the Court of subject matter jurisdiction as against all claims raised against Defendants Resnick, O'Donnell, Stratton, O'Connor, Lanzinger, Pfeifer, and Moyer.

-4-

Likewise, with regard to Defendants McMonagle, Blackmon, and Celebrezze, Plaintiff is requesting review over an Ohio Court of Appeals decision to dismiss various assignments of error as moot. Again, such decisions are judicial in nature. As the United States Supreme Court stated, "[a] judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." Feldman, 460 U.S. at 477. Thus, a consideration of legal arguments in light of existing law and present facts constitutes a judicial inquiry. The fact that the Ohio Court of Appeals dismissed the remaining assignments of error as moot, as opposed to addressing them on the merits, does not change the fact that it engaged in some form of judicial inquiry. In short, Plaintiff is asking the Court to review and reject an Ohio Court of Appeals conclusion regarding the mootness of his remaining assignments of error. The Rooker-Feldman doctrine bars such review. Indeed, federal district courts can never review state court decisions, even if they were wrong and rendered in contravention of the Constitution. Exxon, 125 S. Ct. at 1522. Thus, the Rooker-Feldman doctrine divests the Court of subject matter jurisdiction as against all claims raised against Defendants McMonagle, Blackmon, and Celebrezze.[1]

### IV.   CONCLUSION

For the foregoing reasons, the motions to dismiss (Docket Nos. 9 & 10) are **GRANTED**. This case is dismissed with prejudice as against all defendants. Each party to bear its own costs.

**IT IS SO ORDERED.**

Date: January 18, 2006                          */s/ John M. Manos*_____
                                                      UNITED STATES DISTRICT JUDGE

---

[1]        Thus, the Court need not address the Eleventh Amendment immunity issue.